Filed 5/27/14  Crosby v. Aurora Loan Services CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| CHRISTOPHER CROSBY, | C071027 |
| Plaintiff and Appellant, | (Super. Ct. No. 34-2010-00087199-CU-OR-GDS) |
| v. | |
| AURORA LOAN SERVICES, LLC, | |
| Defendant and Respondent. | |

Plaintiff Christopher Crosby sued defendant Aurora Loan Services, LLC (Aurora), alleging Aurora failed to evaluate his request for a loan modification and to forebear from foreclosing on his home, allegedly in violation of an agreement between the two parties. The trial court sustained Aurora's demurrer without leave to amend.  Plaintiff appeals from the judgment of dismissal, contending he pleaded sufficient facts to proceed with his causes of action for breach of contract/promissory estoppel and breach of the implied covenant of good faith and fair dealing.  We disagree with his contentions and affirm the judgment.

1

FACTS AND PROCEDURAL HISTORY

On an appeal from a judgment of dismissal on a demurrer, we deem plaintiff's factual allegations as true. (*Aubry v. Tri-City Hospital Dist*. (1992) 2 Cal.4th 962, 966-967.) We also accept as true facts appearing in exhibits attached to the complaint, and, to the extent they conflict with the allegations in the pleading, we give them preference. (*Brakke v. Economic Concepts, Inc*. (2013) 213 Cal.App.4th 761, 767-768.)

In 2006, plaintiff refinanced the purchase of his home with a 30-year adjustable rate note and deed of trust in the amount of $1.5 million at 7.625 percent interest. Monthly payments were $10,616.91. In May 2009, plaintiff began experiencing financial difficulties, and he stopped paying on the note. The lender subsequently recorded a notice of default and, later, a notice of trustee's sale.

In January 2010, plaintiff contacted defendant Aurora, the entity that serviced plaintiff's loan, to seek a loan modification. The parties entered into a "workout agreement" under which Aurora agreed not to foreclose upon the deed of trust for a period of roughly six months and to consider plaintiff's request for a loan modification. In exchange, plaintiff agreed to make monthly payments of $8,046.67, beginning on February 10, 2010. The agreement expired on the date the sixth monthly payment was due; in this case, July 10, 2010. By that date, plaintiff had to reinstate the loan, pay it in full, or enter into a modification agreement Aurora *may* have offered him. If none of those actions occurred by that date, Aurora could resume foreclosure.

Of significance here, the workout agreement made plaintiff's payment of the six monthly payments a condition precedent to Aurora's obligation to forebear from foreclosure and to consider a modification. If plaintiff failed to make any of the payments by their due dates and in the full amounts, Aurora could terminate the workout agreement immediately and without notice, and it could proceed with foreclosure.

Plaintiff alleged he performed all of his obligations under the workout agreement. He specifically asserted he timely paid four monthly payments in the months of February,

2

March, April, and May, and he attached to the complaint copies of bank statements recording those payments. He did not allege he made the payments due in June or July, nor did he attach any bank statements recording those payments. He nonetheless asserted he had every reason to believe and expect that Aurora would evaluate his request for a loan modification and suspend foreclosure proceedings.

However, a trustee's sale of plaintiff's home occurred on July 19, 2010, and Aurora purchased the property.

Plaintiff sued Aurora and other parties involved with the note. In his first amended complaint, plaintiff sought damages from Aurora under causes of action for, among others, breach of the workout agreement/promissory estoppel, and breach of the implied covenant of good faith and fair dealing.

Aurora filed a demurrer to the first amended complaint, and the trial court sustained the demurrer without leave to amend.

Plaintiff appeals from the judgment of dismissal, asserting the trial court erred in sustaining the demurrer as to his claims for breach of contract and breach of the implied covenant. We review the sufficiency of his factual claims de novo, and we review the trial court's determination not to grant leave to amend for abuse of discretion. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

DISCUSSION

I

*Breach of Contract/Promissory Estoppel*

Plaintiff contends he pleaded sufficient facts to state a cause of action for breach of the workout agreement and promissory estoppel under that agreement. Specifically, he asserts he alleged sufficient facts showing Aurora breached the workout agreement by foreclosing on his property and by failing to evaluate his request for a loan modification. He also contends he pleaded sufficient facts to establish promissory estoppel; he relied to

3

his detriment upon Aurora's promises to forebear from foreclosing and to evaluate his modification request. We disagree with his contentions.

Plaintiff failed to plead sufficient facts showing Aurora breached the workout agreement. Aurora's obligations to forebear from foreclosing and to evaluate his request for a loan modification were contingent on plaintiff paying each of the six monthly payments. Plaintiff specifically alleged he paid only four of the payments. These specific allegations and the exhibits supporting them supersede his contrary and general allegations of complying with all of the agreement's terms. (*Brakke v. Economic Concepts, Inc., supra,* 213 Cal.App.4th at pp. 767-768.) Plaintiff's failure to comply with the agreement and pay all of the payments constituted a default. Under the terms of the workout agreement, his default effectively terminated the agreement and freed Aurora from considering plaintiff's request for a modification and from forbearing on its pursuit of foreclosure.

Plaintiff does not challenge Aurora's right to terminate the workout agreement upon his default, nor does he suggest he can lawfully plead he paid all six monthly payments. Instead, he asserts Aurora's promise in the workout agreement not to foreclose is ambiguous and conflicts with another provision in the agreement stating nothing in the agreement constituted a waiver of any of Aurora's rights or remedies against plaintiff. He argues we should resolve this conflict in his favor and interpret the agreement to require Aurora not to foreclose.

There is no ambiguity or conflict in the agreement. Aurora promised to forebear from exercising its remedies under the note and deed of trust until the workout agreement expired so long as plaintiff did not default on the workout agreement. If plaintiff defaulted, Aurora could immediately exercise its remedies, and nothing in the agreement could be constituted as a waiver of its right to exercise those remedies. There is no conflict in the workout agreement to be construed against Aurora.

4

Plaintiff asserts he pleaded sufficient facts showing Aurora breached the agreement by not considering his request for a loan modification. The workout agreement, however, did not obligate Aurora to consider his request unless plaintiff did not default. Because plaintiff cannot plead around his default, he cannot plead facts showing he was contractually entitled to have his request for a modification considered.

Plaintiff also asserts he pleaded sufficient facts to establish promissory estoppel. He contends Aurora lured him away from his right to let the property go without recourse by promising to consider a loan modification. Promissory estoppel, however, does not lie where the promisor has not broken his promise. It applies when an injustice arising from reliance and action upon a promise can be avoided only by enforcing the promise. (Rest.2d Contracts, § 90, subd. (1), p. 242; *Kajima/Ray Wilson v. Los Angeles Metropolitan Transportation Authority* (2000) 23 Cal.4th 305, 310.) Aurora never promised plaintiff to evaluate his request for a loan modification unconditionally. Thus, plaintiff received the promise he bargained for: an agreement not to foreclose but to evaluate his modification request on condition he pay all six monthly payments. Plaintiff defaulted on that agreement, resulting in the promise's termination. There is no promise made by Aurora left to enforce.

Because plaintiff cannot plead around his default under the workout agreement, the trial court correctly sustained the demurrer to his breach and promissory estoppel cause of action without leave to amend.

## II

### *Implied Covenant of Good Faith and Fair Dealing*

Plaintiff alleged Aurora breached the implied covenant of good faith and fair dealing by denying him the benefits of, and not fulfilling its performance of, the workout agreement; namely forbearance of foreclosure and evaluation of his loan modification request. Plaintiff contends he pleaded sufficient facts to establish this cause of action. However, we have concluded plaintiff cannot plead sufficient facts to recover for breach

5

of the express terms of the agreement on these grounds. Thus, he cannot plead to recover under an implied covenant that purportedly extended him more rights than the agreement's express terms. " 'As to acts and conduct authorized by the express provisions of the contract, no covenant of good faith and fair dealing can be implied which forbids such acts and conduct. And if defendants were given the right to do what they did by the express provisions of the contract there can be no breach.' [Citation.]" (*Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.* (1992) 2 Cal.4th 342, 374 (*Carma Developers*).)

Plaintiff faults the trial court for addressing this argument only as it related to his claim that Aurora breached the agreement by foreclosing, and for not also addressing it as to his claim that Aurora breached the agreement by not considering his loan modification request. Plaintiff suffered no prejudice from the court's purported omission. He failed to plead Aurora breached the agreement by not considering his modification request, and thus there can be no breach of the implied covenant on that theory. (*Carma Developers, supra*, 2 Cal.4th at p. 374.)

Plaintiff cannot plead facts establishing a violation of the implied covenant based on Aurora's actions that complied with the agreement. Thus, the trial court correctly sustained the demurrer and did not abuse its discretion by denying him leave to amend.

DISPOSITION

The judgment of dismissal is affirmed. Costs on appeal are awarded to Aurora. (Cal. Rules of Court, rule 8.278(a).)

                                                              NICHOLSON      , J.

We concur:

      BLEASE          , Acting P. J.

      HULL            , J.